NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000322
11-SEP-2017
10:48 AM

NO. CAAP-17-0000322

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Petitioner-Appellee, v.
JOZUA HFVAK, aka JON MAJOR, Respondent-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 16-1-0325)

ORDER DISMISSING APPELLATE COURT CASE NUMBER
CAAP-17-0000322 PURSUANT TO THE MOOTNESS DOCTRINE
(By: Nakamura, Chief Judge, Fujise and Chan, JJ.)

Upon review of the record on appeal for appellate court case number CAAP-17-0000322, it appears that Respondent-Appellant Jozua Hfvak aka Jon Major's (Appellant Hfvak) appeal from the Honorable Colette Y. Garibaldi's December 14, 2016 minute order and December 14, 2016 order pertaining to bail is moot, because our review of the record reveals that on March 30, 2017, the Honorable William M. Domingo entered an order granting Petitioner-Appellee State of Hawaii's (Appellee State) ex parte motion to withdraw Appellee State's September 12, 2016 complaint to extradite Appellant Hfvak to the State of Washington and withdraw Governor David Y. Ige's December 12, 2016 warrant for the arrest of Appellant Hfvak, which finally determined, and, thus, ended all extradition proceedings in S.P. No. 16-1-0325 in a manner that is favorable to Appellant Hfvak.

> A case is moot if it has lost its character as a present, live controversy of the kind that must exist if courts are to avoid advisory opinions on abstract propositions of law. The rule is one of the prudential rules of judicial self-governance founded in concern about the proper - and properly limited - role of the courts in a democratic society. We have said the suit must remain alive throughout the course of litigation to the moment of final appellate disposition to escape the mootness bar. . . . Simply put, a case is moot if the reviewing court can no longer grant effective relief.

Kaho'ohanohano v. State, 114 Hawai'i 302, 332, 162 P.3d 696, 726 (2007) (citations, internal quotation marks, and brackets omitted; emphasis added). In light of the fact that the March 30, 2017 order effectively dismisses all proceedings in S.P. No. 16-1-0325, it appears that we can no longer grant effective relief to Appellant Hfvak, and his appeal is moot.

IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000322 is dismissed as moot.

DATED: Honolulu, Hawai'i, September 11, 2017.

Chief Judge

Associate Judge

Associate Judge

2